## PELOT v. SCHOTT.
### Civil Action No. 2717.

District Court, M. D. Pennsylvania.
March 24, 1947.

Arthur A. Maguire, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for petitioner.

Mitchell Jenkins, of Wilkes Barre, Pa., for respondent.

WATSON, District Judge.

This is the case of a veteran petitioning for reinstatement to a position from which he was allegedly improperly discharged and for damages under Section 8(e) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 308(e).

The case was heard in open court and testimony was taken. There was no dispute concerning the controlling law nor was there any dispute concerning the facts save those as to one question discussed below.

### Discussion.

Petitioner, prior to his entry on August 29, 1942, into the armed service of the United States, was employed by the respondent as a truck driver at Freeland, Luzerne County, having been so employed from July, 1941, to August, 1942. He was discharged from the service of the United States on December 23, 1945, and, on January 16, 1946, applied to respondent for reinstatement to his previous position. There appears to have been considerable heated discussion and ill feeling at the time of petitioner's request for reinstatement, and it was not until petitioner applied to the local draft board that he was reemployed and told to report for work on the morning of February 5, 1946.

The petitioner was on that morning assigned to drive a truck operating in a coal stripping operation, and he was directed to drive the truck up the slope out of the stripping location. The truck was loaded with about six tons of coal. Petitioner drove the truck up the grade toward the normal ground level, shifting out of first gear in doing to. The grade was steep and progress unsatisfactory and, when petitioner attempted to shift back into first gear, the engine of the truck stalled and he was unable to hold the heavily loaded truck from going back down the grade. The truck rolled back down the grade and into another truck which was following petition-

er's truck, resulting in damage to the other truck amounting to the sum of one hundred and fifty dollars ($150).

There was undisputed testimony that another employee, Ackers, rode with petitioner, and, at the request of the respondent, Ackers directed the petitioner to drive out of the pit and on all grades in first gear. Other testimony was introduced to show that petitioner had ignored the advice and directions given him in this regard and failed and refused to use first gear as directed.

Petitioner testified that the brakes were not in proper condition. This testimony was countered, however, by testimony on the part of the respondent, and there was testimony to the effect that the brakes were in proper condition. Had the petitioner obeyed the directions given him by his employer, it is obvious that the trouble would not have occurred and the damage would not have been sustained. Petitioner's demeanor and testimony upon the witness stand indicated an attitude of disrespect for his employer, the respondent, from which the Court has little difficulty in finding that he wilfully disobeyed the orders of his superior, his employer.

The petitioner, as a discharged veteran, was entitled to be reinstated in his former position and to be secure from discharge for a period of one year, except for cause. Wilful disobedience to an employer's orders and directions, resulting in damage to property, must certainly be held to be valid cause for discharge, if the Court finds as a fact that there was such disobedience. The pertinent section of the Selective Training and Service Act was passed to aid veterans in regaining their former jobs or positions where recalcitrant employers are involved. It was not meant as an absolute guarantee that a veteran would receive one year's wages regardless of his attitude or the quality of his services.

### Findings of Fact.

1. The petitioner, Francis P. Pelot, was employed as a truck driver by the respondent, Andrew Schott, prior to his induction into the armed forces.

2. Petitioner was inducted into the armed services of the United States on or about August 29, 1942, and honorably discharged therefrom on December 23, 1945.

3. Petitioner was reemployed February 5, 1946, as a truck driver by the respondent.

4. Petitioner was given specific instructions by his employer as to how to operate the truck he was to operate on the grade to be used, which instructions the petitioner wilfully disobeyed.

5. The operation of the truck by the petitioner, contrary to the instructions and directions of his employer, which instructions and directions were proper and reasonable, resulted in damage to personal property.

6. Petitioner was discharged because of disobedience and wilful, wrongful acts.

### Conclusions of Law.

1. Respondent, Andrew Schott, acted with reasonable cause in discharging petitioner, Francis P. Pelot.

2. Petitioner, Francis P. Pelot, is entitled neither to reinstatement to his former position nor to any damages.

3. The petition of Francis P. Pelot should be dismissed.